IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TYRONZA WOODARD,

    Plaintiff,

v.                                           CASE NO. 1:06-cv-00023-MP-AK

EVAN SULLIVAN, et al.,

    Defendants.

_____/

**O R D E R**

This matter is before the Court on Doc. 36, Report and Recommendation of the Magistrate Judge, which recommends that Defendant's Motion for Summary Judgment, Doc. 12, be granted, and that this case be dismissed with prejudice. Plaintiff brings suit pursuant to 42 U.S.C. §1983, alleging that the Defendants, officers with the Levy County Drug Task Force, used excessive force against him during his arrest on June 30, 2004. The Magistrate Judge filed the Report and Recommendation on Wednesday, September 12, 2007. The parties have been furnished a copy of the Report and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made. Plaintiff has filed objections to the Magistrate's Report, Doc. 41. Nevertheless, for the following reasons, the Magistrate's Report is adopted, and the Defendants' Motion for Summary Judgment is granted.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). In

determining the existence of a genuine issue of material fact, the Court views the facts in a light favorable to the non-moving party, with the moving party bearing the burden of demonstrating the lack of a genuine issue. If the movant successfully discharges this burden, the burden then shifts to the non-movant to establish, by going beyond the pleadings, the existence of a genuine issue of material fact. Matsushita Electric Industrial Co. v. Zenith Radio Corp. 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir.1991). An issue of material fact is genuine if the evidence in the record would allow a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11, 91 L.Ed. 2D 202 (1986). If a non-moving party bears the burden of proof at trial, the moving party is entitled to summary judgment by showing that the non-moving party cannot prove an essential element of their cause of action through the admissible evidence in the record. As explained by the Supreme Court for the United States:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The purpose of the Court in deciding a summary judgment motion is not to decide issues of material fact, but rather to determine whether such issues exist to be tried. In this case, Plaintiff bears the burden of proving that the Defendants used excessive force in the course of the arrest.

As the Magistrate points out, an excessive force claim is analyzed under the

"reasonableness" standard of the Fourth Amendment, which is viewed under the "totality of the circumstances."  In the Report, the Magistrate found that the Defendants had probable cause to believe Plaintiff had been dealing drugs, and that he had a criminal history for violence in resisting arrest–including breaking the nose of an officer.  In addition, it was dark, Plaintiff was running from the Defendants through trees and neighbors' back yards, refusing to stop, and the officers did not know if the Plaintiff had a weapon or not.  Furthermore, the Magistrate notes that the evidence provided by Plaintiff supports the officers' version of the events in question: Plaintiff was resisting arrest and attempting to flee, and the officers used a Taser without injury to the Plaintiff to get him off the vehicle and in a posture to be handcuffed and arrested.  Because of this, the Magistrate recommends that Defendants' motion for summary judgment be granted, since Plaintiff cannot show that the use of a K-9 and a Taser was unreasonable.

In his objections, Plaintiff argues that issues of material fact are in dispute, and therefore summary judgment is inappropriate.  Specifically, Plaintiff states that a credibility determination is required to determine the veracity of the competing allegations.  The account of the facts by the Plaintiff and the Defendants do not appear to be in conflict.  Plaintiff fled from the police, and failed to stop when warned that the officers would release the K-9 unit.  The dog was released and apprehended the Plaintiff, but let go of the Plaintiff, who again began to run at full speed away from the police.  Finally, Plaintiff ran on to the hood of a truck to avoid the dog, where officers leashed the dog and instructed Plaintiff to get on the ground.  Plaintiff was Tasered after he twice failed to obey police instructions.  The totality of the circumstances show that the Plaintiff cannot make a showing of unreasonable use of force.  Thus, the Court agrees with the Magistrate that because Plaintiff has failed to show that Defendants' use of force was

unreasonable, Defendants' motion for summary judgment must be granted.

Therefore, having considered the Report and Recommendation, and the objections thereto, I have determined that it should be adopted. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2. Defendant's Motion for Summary Judgment, Doc. 12, is GRANTED, and the case is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

3. The Clerk is directed to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**DONE AND ORDERED** this   *23rd* day of January, 2008

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge